Michael Diaz, Jr.
Marta Colomar-Garcia
Carlos F. Gonzalez
DIAZ, REUS & TARG, LLP
100 SE 2nd Street, Suite 3400
Miami, Florida 33131
(305) 375-9220
mdiaz@diazreus.com
mcolomar@diazreus.com
cgonzalez@diazreus.com
*Co-Lead Counsel for Plaintiff Classes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 400 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

--------------------------------------------------------------------x
| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 401 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

--------------------------------------------------------------------x
| | | |
|---|---|---|
| CESAR RAUL CASTRO, | : | 04 Civ. 506 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

--------------------------------------------------------------------x
| | | |
|---|---|---|
| HICKORY SECURITIES LTD., | : | 04 Civ. 936 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

--------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM
PURSUANT TO THIS COURT'S ORDER OF AUGUST 25, 2015**

| | | |
|---|---|---|
| ELIZABETH ANDREA AZZA, et al, | x | 04 Civ. 937 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------------x

| | | |
|---|---|---|
| ELIZABETH ANDREA AZZA, et al., | : | 04 Civ. 1085 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| | : | |

-----------------------------------------------------------------------x

| | | |
|---|---|---|
| EDUARDO PURICELLI, | : | 04 Civ. 2117 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------------x

| | | |
|---|---|---|
| RUBEN DANIEL CHORNY, | : | 04 Civ. 2118 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------------  x

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000

LAW OFFICES OF SAUL ROFFE, ESQ.
52 Homestead Circle
Marlboro, NJ  07746
(732) 616-1304

DIAZ, REUS & TARG LLP
100 S.E. 2nd Street
Suite 3400
Miami, FL 33131
(305) 375-9220
*Co-Lead Counsel for Plaintiff Classes*

Plaintiffs submit this memorandum of law pursuant to this Court's order of August 25, 2015.

## PRELIMINARY STATEMENT

As a threshold matter, Plaintiffs' counsel is still considering the best and most efficient strategy to obtain the information requested by the Court. As explained in Plaintiffs' motion requesting an extension of time to submit their memorandum and to adjourn the conference, Plaintiffs' counsel do not yet know everything that is needed to target the necessary information. Plaintiffs believe that the process will involve, but might not be limited to, propounding subpoenas for documents upon third parties who manage bondholder accounts and who have information on the trading of bonds involved in these class actions. Plaintiffs will also seek discovery from Argentina. Plaintiffs would then need to retain expert(s) who, upon review of the information obtained, could make findings as to a reasonably accurate estimate of that volume to subsequently account for it in a damage calculation such that an aggregate damage award would "roughly reflect" the loss to each class.

Although this process might take some time, Argentina will not be prejudiced.

## I.     BACKGROUND

On August 8, 2015, the Second Circuit Court of Appeals issued an opinion and order remanding with specific instructions for the district court. *Puricelli v. Argentina*, 14-2104-CV L, 2015 WL 4716474, *3 (2d Cir. 2015) ("*Seijas III*"). The instructions specifically stated that the district court shall hold an evidentiary hearing to resolve the following issues:

> (1) consider evidence with respect to the volume of bonds purchased in the secondary market after the start of the class periods that were not tendered in the debt exchange offers or are currently held by opt-out parties or litigants in other proceedings; (2) make findings as to a reasonably accurate, non-speculative estimate of that volume based on the evidence provided by the

1

> parties; (3) account for such volume in any subsequent damage calculation such that an aggregate damage award would "roughly reflect" the loss to each class, *see Seijas I,* 606 F.3d at 58–59; and (4) if no reasonably accurate, non-speculative estimate can be made, then determine how to proceed with awarding damages on an individual basis.

*Id.* at *2.

Following the Second Circuit's mandate, this Court issued an order requesting that the parties submit memoranda setting forth their views as to how each of the items (1) through (4) on page nine of the Opinion of the Court of Appeals will be dealt with during an evidentiary hearing. [DE-260].

## II.     MEMORANDUM

**1.     The Discovery Process.**

Consistent with this Court's directive, the Plaintiffs offer the following framework for obtaining the information that will permit this Court to make the ultimate findings of fact required by the Second Circuit as to

***Plaintiffs Will Subpoena Records From DTC and FINRA***.  In order to obtain "evidence with respect to the volume of bonds purchased in the secondary market after the start of the class periods" as ordered by the Second Circuit, *Seijas III,* 2015 WL 4716474 at *2, Plaintiffs will first subpoena records regarding the identified holders of the Global Notes and exchanges of notes among listed holders.  Those are maintained by the Depository Trust Company (DTC), in the U.S., and Euroclear, in Europe.

Additionally, Plaintiffs will seek discovery of brokerage activities in the Global Notes from Financial Industry Regulatory Authority (FINRA).  DTC has a registry of all licensed participants in the different securities holding securities on behalf of their customers.  FINRA, through the Trade Reporting and Compliance Engine (TRACE), obtains reports of over-the-

counter secondary market transactions in eligible securities including listing the brokerage firms participating in trades on behalf of their clients. Brokerage firms are required to report trades in such securities to FINRA.

In response to the different discovery requests propounded by Plaintiffs, DTC will provide a position holding reports and transaction reports. FINRA will provide reports on secondary market transactions in the securities. These reports will allow Plaintiffs to analyze the position holdings of the different participants in the Global Bonds for a specific period of time. The position reports will also include information as to the participants that claim to hold bonds for a given CUSIP[1] or ISIN[2] number within DTC. Those participants will be mostly brokerage houses and other financial institutions (such as banks and insurance companies) holding securities on behalf of their clients.

*Plaintiffs Will Serve Subpoenas Upon All Participants*. Once the participants have been identified, Plaintiffs will serve them with subpoenas to identify the parties on behalf of whom these participants have traded or held bonds. These participants may be foreign entities. Discovery upon foreign non parties can be conducted through alternative methods.

Depending on the country where the non-party upon whom discovery is being propounded is located, Plaintiffs can undertake discovery pursuant to international conventions. The Inter–American Convention on Letters Rogatory, January 30, 1975 and Additional Protocol to the Inter–American Convention on Letters Rogatory ("Inter-American Convention") applies in

---

[1] The CUSIP (Committee on Uniform Securities Identification Procedures) number identifies most financial instruments. The CUSIP system facilitates the clearance and settlement process of securities. http://www.sec.gov

[2] The ISIN number (International Securities Identification Number) standard is used worldwide to identify specific securities such as bonds, stocks (common and preferred), etc. ISINs are assigned to securities to facilitate unambiguous clearing and settlement procedures. http://www.isin.org

requesting judicial assistance to obtain evidence from abroad through letters rogatory between countries that are signatories.  *Id.*  Argentina and the United States are signatories to the Inter-American Convention.  *Id.*

Also available to Plaintiff is the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Convention"), if the entity upon which discovery is served is in a jurisdiction that is a signatory to the Convention.

Plaintiffs can also conduct discovery through the methods provided by the Federal Rules of Civil Procedure.  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987) ("the Hague Convention does not divest the District Court of jurisdiction to order discovery under the Federal Rules of Civil Procedure"); *e.g. Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("Rule 28(b) of the Federal Rules of Civil Procedure . . .  authorize[s] federal courts to issue letters rogatory . . . .")

Assuming compliance with the subpoenas under these methods, the participants will provide information on all trades conducted on behalf of their clients regarding the Global Bonds, or all instances where the participants have facilitated, aided, or reported trading, and current holdings of such Global Bonds.

This information will allow Plaintiffs to identify the parties participating in both sides of the transaction: the seller and the purchaser of the bond.  At that point, with the assistance of an expert, Plaintiffs will engage in a "match up" exercise to isolate the relevant transactions for calculation of damages purposes, as further explained below.

Because Plaintiffs' requests for this information may raise confidentiality concerns among the entities subpoenaed, Plaintiffs will have no objection to the entry of a confidentiality

agreement. Such an agreement should facilitate the disclosure of information as well as this Court's fact-finding.

*An Expert Will Undertake To "Match Up" All Data.* After discovery, Plaintiffs will have trading records where all or nearly all trades for a specific CUSIP or ISIN number will be identifiable. The expert will assist Plaintiff in tracing the bond trading sufficiently to reasonably estimate the total face amount of bonds that have trading in the second market and, therefore, would be excluded from the class definition for each Global Bond and to estimate the total quantity of bonds that have not been traded   For example, it is possible that "A," as a holder of a bond within the class, sells to "B." In such a scenario, neither "A," nor "B" would be included in the class because neither continuously held the bond. Likewise, if "B" then sold to "C," neither "B," nor "C" would be included in the class. The data related to that specific bond will show two transactions on these bonds (A to B, and B to C). However, only the first trading will have to be accounted for in making findings as to who has been continuously holding since the beginning of the class given that the second trade involved a no longer eligible security.[3] Through the matching exercise, the expert will be able to isolate the trading for each bond.

*Plaintiff Will Propound Discovery Upon Argentina*. Simultaneously, Plaintiffs will propound discovery upon Argentina to obtain evidence through requests for production, interrogatories, and deposition testimony, identifying the number of bonds that are held by parties that have separately opt-outed out of litigating against Argentina, engaged in arbitration, or that participated in the different Exchange Programs. Plaintiffs also reserve the right to obtain

---

[3]   The classes were certified under a "continuous holder" definition, meaning that class membership is limited to individuals who have held beneficial interests in the class bond series continuously from the filing of the complaints in 2004 through the entry of final judgment. *Seijas v. Republic of Arg.*, 606 F.3d 53, 56 (2d Cir. 2010) ("*Seijas I*")*, Hickory Sec. LTD v. Republic of Arg.*, 493 Fed. App'x 156, 158 (2d Cir. 2012) ("*Seijas II*").

discovery from Argentina with respect to any information it may have concerning the trading parties and volumes of trade in the bond series.

In sum, Plaintiffs will be gathering information from three sets of sources: (1) DTC and FINRA; (2) participants (broker dealers, banks, and other financial institutions) reported as having held or traded these bonds; and (3) Argentina, identifying the opt-outs.  Through these three sources of information, the expert will be able to identify the volume of bonds purchased in the secondary market with a high degree of accuracy.  Once that information is produced, Plaintiffs will most likely have some approximate evidence of the trading on these bonds since the class periods started.  Experts will then have to play a role to assist the Court in "mak[ing] findings as to a reasonably accurate, non-speculative estimate of that volume."  *Seijas III,* 2015 WL 4716474, at *2.

The discovery process proposed to the Court has been used in a various litigation involving fixed income securities, including mortgage backed securities and bond litigation, in order to estimate damages to a class of security holders.

**2.      There Is No Need To Establish A Definitive Time Frame.**

The amount of time it will take to obtain the requisite documents through the subpoena process is, at this point, undetermined.  However, given that Plaintiffs intend to obtain evidence from Argentina, Plaintiffs anticipate needing at least six months to take this initial round of discovery.  Plaintiffs believe that this should not become an unmovable deadline to complete the evidence gathering, because third party discovery can present objections that will require some time for motion practice.  In that sense, Plaintiffs believe that setting periodic status conferences with the Court in order to report on and assess their progress would be beneficial.

Although it has taken some time to get to this point, Argentina will suffer no prejudice whatsoever. In fact, Argentina is likewise interested in obtaining the most reliable evidence such that an aggregate damage award can "roughly reflect" the loss to each class. *Seijas I,* 606 F.3d at 59.

## CONCLUSION

Plaintiffs' view is that through third-party discovery, discovery propounded on Argentina, and expert testimony, Plaintiffs will be able to gather evidence as to the volume of bonds traded in the secondary market after the start of the class periods, make findings as to an estimate of that volume, and account for such in any damages calculation.

Dated: September 24, 2015

/s/ *Marta Colomar Garcia*
Marta Colomar Garcia
Michael Diaz, Jr.
Carlos F. Gonzalez

DIAZ REUS & TARG LLP
100 S.E. 2nd Street, Suite 3400
Miami, FL 33131
(305) 375-9220
mdiaz@diazreus.com
cgonzalez@diazreus.com
mcolomar@diazreus.com

Jennifer Scullion
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
jscullion@proskauer.com

Saul Roffe
Law Offices of Saul Roffe, Esq.
52 Homestead Circle
Marlboro, NJ 07746
(732) 616-1304
sroffe@gmail.com
*Co-Lead Counsel for Plaintiffs*